**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                      :
ROLAND DEMINGO QUEEN,                 :
                                      :         Civil Action
                Petitioner,           :         No. 05-1541(FLW)
                                      :
        v.                            :
                                      :     _____OPINION
                                      :
JONATHAN C. MINER, WARDEN,            :
                                      :
                                      :
                Respondent.           :
_____:

**APPEARANCES:**

> ROLAND DEMINGO QUEEN, #31578-037, Petitioner Pro Se
> FCI Fairton
> P.O. Box 420
> Fairton, New Jersey 08320

> PAUL A. BLAINE, Assistant United States Attorney
> CHRISOTPHER J. CHRISTIE, United States Attorney
> Office of the United States Attorney
> Federal Building and U.S. Courthouse
> 401 Market Street, Fourth Floor
> Camden, New Jersey 08101

**WOLFSON, DISTRICT JUDGE**

Plaintiff Roland Demingo Queen ("Queen"), a prisoner confined at the Federal Correctional Institution at Fairton, New Jersey ("FCI Fairton"), has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Respondent is

_____

[1] Section 2241 provides in relevant part:

Warden Jonathan C. Miner of FCI Fairton.  (Petition, Caption.)
By prior Order of this Court, Respondent was permitted to file a
motion to dismiss for lack of jurisdiction.  (See Habeas Rules 4-
5).  As Petitioner is authorized to apply for relief under 28
U.S.C. § 2255 and he has not shown that § 2255 is inadequate or
ineffective to test the legality of his detention, the Court will
dismiss the Petition for lack of jurisdiction under 28 U.S.C. §
2241.

## I.  BACKGROUND

Petitioner asserts that after a jury trial in the District
of Maryland, he was convicted of conspiracy to intimidate a
witness in violation of 18 U.S.C. § 371 (Count One), and of
witness tampering in violation of 18 U.S.C. § 1512(b)(1)(Count
2).  (Petition, ¶¶ 2-5; Memorandum of Law in Support of Motion to
Dismiss, Statement of Facts.) Petitioner was sentenced in January
1996 to 60 months incarceration on Count One and 120 months on
Count Two, 114 of which were to run consecutively to Count One,
totaling 174 months, with three years supervised release.  (Id.,
¶ 5.)  Petitioner's conviction and sentence were affirmed by the

---

Writs of habeas corpus may be granted by the Supreme
Court, any justice thereof, the district courts and
any circuit judge within their respective jurisdictions. .
. . (c) The Writ of habeas corpus shall not extend to a
prisoner unless- . . .  (3) He is in custody in violation
of the Constitution or laws or treaties of the United
States . . . .

Fourth Circuit Court of Appeals on December 29, 1997.  (<u>Id</u>., ¶ 9.)  Petitioner applied for relief pursuant to 28 U.S.C. § 2255; his application was denied in February, 2000.  (<u>Id</u>., ¶ 12.)  The Fourth Circuit Court of Appeals affirmed this ruling on November 15, 2000.  <u>See</u> <u>United States v. Queen</u>, 238 F.3d 417 (Table) (4th Cir. 2000).  (Motion to Dismiss, Statement of Facts.)

Petitioner now seeks relief pursuant to 28 U.S.C. § 2241, contending that his sentence was unconstitutionally enhanced 2 levels under the Federal Sentencing Guidelines, contrary to the opinion of the United States Supreme Court in <u>United States v. Booker</u>, 543 U.S.__, 125 S. Ct. 748 (2005). (Petitioner's Memorandum of Law in Support of Petition, p.4.)

## II. DISCUSSION

### A.  Booker Claim

Section 2241 of Title 28, United States Code, constitutes the general habeas corpus statute under which federal prisoners may seek relief for claims of unlawful custody.  A petition brought under § 2241 challenges the very fact or duration of imprisonment, and seeks a determination that a petitioner is entitled to immediate release or a speedier release from that imprisonment.  <u>Prieser v. Rodriquez</u>, 411 U.S. 475, 484-86, 500 (1973).  <u>See also</u> <u>Benson v. New Jersey State Parole Board</u>, 947 F.Supp. 827, 829-31 (D.N.J. 1996)(§ 2241 generally appropriate

for claims challenging execution of sentence for which immediate or speedier release is appropriate); <u>United States v. Walker</u>, 980 F.Supp. 144, 145-46 (E.D.Pa. 1997)(challenges to a sentence as imposed should be brought under § 2255; challenges to the manner in which a sentence is being executed should be brought under § 2241).

Despite having characterized his application under 28 U.S.C. § 2241, the Court finds that Petitioner is actually seeking to challenge an aspect of the sentence imposed by the trial court (properly made under § 2255), since he argues that his sentencing enhancement pursuant to the Sentencing Guidelines violated <u>Booker</u>.

Congress amended 28 U.S.C. § 2255 as part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). The AEDPA provides that once a prisoner has filed a § 2255 motion[2], he may not file another unless he first obtains a certification from a panel of the appropriate court of appeals permitting him to do so either because of (1) newly discovered evidence that would clearly and convincingly negate the possibility that a reasonable factfinder would have found the movant guilty of the offense charged, or (2)

---

[2]  As noted above, Petitioner's § 2255 motion was denied in February, 2000.  (Pet., ¶ 12.)

4

a previously unavailable and retroactively applicable new rule of constitutional law.  Id.

Petitioner cannot meet either of these requirements. Petitioner has not made a claim of newly discovered evidence; moreover, the United States Supreme Court has expressly held that for a new rule to be retroactive, the Supreme Court alone must have made it retroactive to cases pending on collateral review through a holding.  Tyler v. Cain, 533 U.S. 656 (2001).  To date, the Supreme Court has not declared that Booker applies retroactively to cases pending on collateral review.  Moreover, the Third Circuit has held that the rule announced in Booker does not apply retroactively to persons in Petitioner's position, and has refused leave to file a second or successive habeas corpus pursuant to § 2255 raising a Booker claim.  See Lloyd v. United States, __ F.3d __, 2005 Wl 1155220 (3d Cir. May 17, 2005); In Re Olopade, 403 F.3d 159 (3d cir. 2005).

Section 2255 expressly provides that a habeas corpus petition under § 2241 "in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained. . ." unless the remedy under § 2255 is inadequate or ineffective to test the legality of his detention." [Emphasis added]  This provision commonly is referred to as the § 2255

"savings clause."  See Bridges v. Vasquez, 151 F. Supp.2d 1353 (N.D. Fla. 2001).[3]

    The Third Circuit has recognized that although there may be some rare situations in which a prisoner who cannot satisfy the gatekeeping requirements for a successive petition under § 2255 should be permitted to proceed under § 2241, a prisoner's inability or failure to comply with these requirements does not, in and of itself, render § 2255 "inadequate or ineffective" so as to permit resort to § 2241.  See In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)(such a holding "would effectively eviscerate Congress' intent in amending § 2255").  See also Okereke v. United States, 307 F.3d 117 (3d Cir. 2002)(under Dorsainvil, § 2255 is not inadequate or ineffective for individuals to raise Apprendi claims); Carter v. White, 2002 WL 31424688, *2 (3rd Cir. Oct. 30, 2002)(citing Okereke).

_____

    [3]  Specifically, § 2255 provides in relevant part:

        An application for a writ of habeas corpus
        in behalf of a prisoner who is authorized
        to apply for relief by motion pursuant to this
        section, shall not be entertained if it appears
        that the applicant has failed to apply for
        relief, by motion, to the court which sentenced
        him, or that such court has denied him relief,
        unless it also appears that the remedy by motion
        is inadequate or ineffective to test the legality of
        his detention.

A prisoner such as Petitioner, who claims that Booker renders his sentence unconstitutional, is authorized to present such a claim under 28 U.S.C. § 2255.  Since § 2255 is neither an inadequate or ineffective vehicle for presenting a Booker claim, this Court lacks jurisdiction to consider this issue in a § 2241 Petition.

B.  Misapplication of Sentencing Guidlines

Petitioner also appears to claim that his sentence was improperly enhanced because of a misapplication of the United states Sentencing Guidelines in his case.  This challenge is properly brought under 28 U.S.C. § 2255.  Washington v. United States,   1998 WL 774006, *1 (E.D.Pa. Oct. 28, 1998) (citing United States v. Walker, supra., 980 F.Supp. at 145; United States v. Calloway, 1998 WL 631980 (E.D.Pa. Aug.28, 1998) (challenge to application of sentencing guidelines should be brought under § 2255).  As explained above, since § 2255 is neither an inadequate or ineffective vehicle for presenting this claim, this Court lacks jurisdiction to consider this issue in a § 2241 Petition.

### III. CONCLUSION

Based on the foregoing, the Court will grant Respondent's motion and dismiss the Petition for want of jurisdiction.

An appropriate Order accompanies this Opinion.


S/Freda L. Wolfson
**FREDA L. WOLFSON**
**UNITED STATES DISTRICT JUDGE**


**Dated May 25, 2005**